# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *UPON THE RELATION AND FOR THE USE OF THE TENNESSEE VALLEY AUTHORITY* | **PLAINTIFF** |
| v. | No. 5:21-cv-176-BJB |
| **AN EASEMENT AND RIGHT-OF-WAY OVER 0.83 ACRES OF LAND, MORE OR LESS, IN CALLOWAY COUNTY, KENTUCKY, ET AL.** | **DEFENDANTS** |

\*\*\*\*\*

## OPINION & ORDER

In 2018, the Tennessee Valley Authority began building a 9-mile transmission line through Marshall and Calloway Counties. A portion of this line ran across land owned by Tim Nuckolls and Jeanette Jones. TVA filed this condemnation suit to acquire a permanent easement and right-of-way to build and maintain the power line. Complaint (DN 1).

TVA filed a notice of condemnation (DN 3) and a declaration of taking (DN 4), estimating that $7,200 was "just and liberal" compensation for the property rights it obtained (DN 6). The Court ordered the funds deposited with the Clerk of Court (DN 7) and granted TVA immediate possession of the land (DN 11). TVA served Mr. Nuckolls, Ms. Jones, and five other interested parties (based on certificates of delinquency and judgment liens). Notice of Service (DN 13).[1]

After no Defendant filed an answer or otherwise opposed the condemnation, TVA moved for partial summary judgment on the amount of condemnation. The amount and dispersal of those funds are the only issues that remain undecided. Because there is no genuine dispute that $7,200 is just compensation for the easement and right-of-way, 40 U.S.C. § 3114, the Court grants TVA's motion.

---

[1] These Defendants are: Mid South Capital Partners, LP; Hazel Enterprises, LLC; Capital One Bank (USA), N.A., Somerhill Capital a/k/a Black Acre Enterprises, LLC; and Merlyn Funding, LLC.

## Partial Motion for Summary Judgment

In federal condemnation actions "the court tries all issues, including compensation" unless "a party demands" a jury trial, which no one did here. FED. R. CIV. P. 71.1(h). Nor has any Defendant presented evidence that the Government's proposed amount of condemnation is not an appropriate one. FED. R. CIV. P. 71.1(e)(3) ("a defendant ... may present evidence on the amount of compensation to be paid" even if the defendant has not "previously appeared or answered"). The Court must therefore grant TVA's motion if it "shows that there is no genuine dispute as to any material fact" and is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Summary judgment," courts have recognized, "is appropriate in a condemnation case where there is no disputed issue of material fact." *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa County*, 473 F. App'x 778, 779 (9th Cir. 2012)); *see also United States v. 16,200 Sq. Ft., More or Less, of Land*, 791 F.2d 935, at *1 (6th Cir. 1984) (unpublished table opinion) (discussing similar process).

TVA submitted the affidavit of Ivan J. Antal, II, a TVA manager of real property transactions with experience reviewing appraisal reports. Antal Affidavit (DN 14) at 1. Based on his experience and review of an independent Kentucky appraisal of the land at issue, Antal determined that $7,200 is just compensation for the easement rights. *Id.* at 3. This evidence is undisputed and is not facially unreasonable. The Court therefore grants TVA's motion for partial summary judgment and finds that $7,200 should be awarded as compensation for the condemned property rights.[2]

## Disbursement

TVA did not move for summary judgment on the question of how the $7,200 should be allocated among the several Defendants. Rather it "takes no position as to the rights or priority of any ... claim." Partial Motion for Summary Judgment (DN 16) at 10. TVA recommends a procedure other courts have used to allow defendants to file claims demonstrating their entitlement to some or all of a just-compensation award. *See, e.g., United States ex rel. TVA v. An Easement and Right-of-Way Over 0.24 Acre, More or Less, in Tallahatchie County, Miss.*, No. 3:18-cv-169, 2019 WL 3849163, at *6 (N.D. Miss. Aug. 15, 2019). After reviewing TVA's proposed procedure, the Court agrees with TVA that it offers a reasonable procedure for dispersing the

---

[2] This is not Mr. Nuckolls' and Ms. Jones' first condemnation case. Two years ago, this Court granted TVA's summary judgment motion on the issue of just compensation for a temporary easement to survey their land. There, as here, the Defendants did not appear or contest the compensation. *United States of America ex rel. TVA v. A Temporary Right to Enter Upon Land in Calloway County, Kentucky*, 5:20-cv-43, Order and Judgment (May 5, 2021).

funds at issue. *See* 40 U.S.C. § 3114(c) ("On application of the parties in interest, the court may order that any part of the money deposited in the court be paid....").

## ORDER

The Court therefore grants TVA's partial motion for summary judgment (DN 15) and orders the named Defendants, or any other party claiming an interest in the property, to file a "Notice of Claim" with the Clerk of Court of the Western District of Kentucky at 501 Broadway, Suite 127, Paducah, Kentucky 42001. This Notice should include:

1. The applicant's name, address, and email address (if any)
2. The nature and basis of the applicant's claimed interest in the property
3. Proof of the applicant's interest in the property

Applications must be postmarked by May 2, 2023. At the close of the application period, if any disputes or questions persist, the Court may schedule a hearing to determine how the proceeds should be distributed.

The Clerk shall serve a copy of this Order via U.S. mail on each Defendant identified in the Complaint.

Benjamin Beaton, District Judge
United States District Court

March 2, 2023